NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEE REED,

        Petitioner - Appellant,

  v.

NETHANJAH BREITENBACH,

        Respondent - Appellee.

No. 24-476

D.C. No.
2:21-cv-00942-APG-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 20, 2025[**]
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

    Petitioner Lee Reed appeals the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254.  "We review the denial of a Section

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2254 habeas corpus petition de novo and any underlying factual findings for clear error." *Patsalis v. Shinn*, 47 F.4th 1092, 1097 (9th Cir. 2022).

1. The Nevada Supreme Court did not violate clearly established Supreme Court law by requiring Reed to show prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1). Reed points out that the Nevada Supreme Court has held that failure to swear in the venire is a structural error. *Barral v. State*, 131 Nev. 520, 525 (2015). But clearly established Supreme Court law does not support excepting Reed from demonstrating prejudice on collateral review. *Weaver v. Massachusetts* held that ineffective assistance of counsel ("IAC") claims based on public-trial violations—violations that are structural errors warranting automatic reversal on direct appeal—are claims subject to a showing of prejudice under *Strickland* when presented on post-conviction review. 582 U.S. 286, 300–01 (2017). If anything, *Weaver* suggests that IAC claims based on failure to swear in the jury prior to voir dire are subject to *Strickland*'s prejudice requirement and certainly does not clearly establish the opposite. Additionally, there is no clearly established Supreme Court law that the failure to swear in the jury prior to voir dire is a constitutional violation at all, much less a structural error.

2. The Nevada Supreme Court's determination that Reed failed to demonstrate prejudice under *Strickland* was neither contrary to nor an

2

unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The state court reasonably concluded that Reed had not established a "reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, or that the failure to swear in the juror prior to voir dire rendered his trial "fundamentally unfair," *Weaver*, 582 U.S. at 304. Reed has offered no evidence that any juror lied during voir dire or harbored an undisclosed bias against him. *See id.* The record indicates that despite the lack of an oath, the prospective jurors provided truthful answers, and Reed's attorney vigorously questioned jurors during voir dire.

Reed argues he suffered prejudice on his direct appeal because of his trial counsel's failure to object to the lack of an oath at trial and his appellate counsel's failure to raise the issue on appeal. *Cf. Barral*, 131 Nev. at 525. But Reed voluntarily dismissed his ineffective assistance of appellate counsel claim after the district court found it unexhausted. Reed offers no argument as to why this Court should consider that claim although it was dismissed.

**AFFIRMED.**